FILED

1   J. Andrew Coombs (SBN 123881)
    andy@coombspc.com
2   Annie S. Wang (SBN 243027)
    annie@coombspc.com
3   J. Andrew Coombs, A P. C.
    517 East Wilson Avenue, Suite 202
4   Glendale, California 91206
    Telephone:   (818) 500-3200
5   Facsimile:   (818) 500-3201

6   Paul G. Juettner
    Thomas R. Fitzsimons
7   Tanja Proehl
    Greer, Burns & Crain, Ltd.
8   300 South Wacker Drive, Suite 2500
    Chicago, Illinois 60606
9   Telephone:   (312) 360-0080
    Facsimile:   (312) 360-9315
10

11  Attorneys for Plaintiff
    Deckers Outdoor Corporation

12

2013 JUN 28  PM 2: 38

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15  Deckers Outdoor Corporation,           Case No. CV13-04723-GAF(RZx)

16                          Plaintiff,      COMPLAINT FOR TRADEMARK
                                            INFRINGEMENT, TRADEMARK
17          v.                              DILUTION, UNFAIR
                                            COMPETITION,
18  Binder Production Pty Ltd.              CYBERSQUATTING, AND
    d/b/a JUMBO UGG, Jamlike Enterprises    PATENT INFRINGEMENT
19  Pty Ltd., Roman Borisov, an individual,
    Lana Kaper, an individual, and Michael  DEMAND FOR JURY TRIAL
20  Kaper, an individual, and Does 1 – 10,
    inclusive,
21
22                          Defendants.
23

24          Plaintiff Deckers Outdoor Corporation ("Deckers") alleges as follows:

25                          **NATURE OF THE ACTION**

26          1.      This is an action by Deckers to combat and cease the willful sale of

27  unlicensed, infringing and counterfeit products bearing Deckers' exclusive trademark

28  and patented design ("Infringing Product").  Defendants in this action are sellers and

COPY

advertisers of infringing and counterfeit footwear and infringing footwear care products which purport to originate from Deckers through Internet websites including, but not limited to, <jumbougg.com.au>, <jumbougg.com>, <uggbootsaustralia.com.au>, <uggzone.com.au>, <uggson.com.au>, and <sheepskinuggboots.com.au> (Defendants' "UGG Formative Infringing Domain Names") and <binderproduction.com.au>.  Defendants' websites at the UGG Formative Infringing Domain Names and <binderproduction.com.au> are collectively and/or individually referred to herein as "Defendants' Websites."

2.     As a direct and proximate result of Defendants' unlawful and active manufacturing, purchasing, distributing, offering for sale and/or selling such unlicensed, infringing and counterfeit footwear and infringing footwear care products, Deckers is irreparably harmed.  Deckers seeks a permanent injunction, damages, costs and attorney's fees as authorized by United States Code, Title 35; the Lanham Act; and California law.

## JURISDICTION AND VENUE

3.     This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 et seq.; 28 U.S.C. § 1338(a), (b); 35 U.S.C. §§ 1 et seq.; and 28 U.S.C. § 1331.  This Court has jurisdiction over the claims in this action that arise under the laws of the State of California pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

4.     This Court may properly exercise personal jurisdiction over Defendants since each of the Defendants purposefully directs their business activities toward consumers in California, derives a commercial benefit from their contacts with the State of California and Defendants are causing harm to Deckers' business within the

Deckers Outdoor Corp. v.
Binder Production Pty Ltd., et al. (Complaint)

-2-

State of California.  Deckers is suffering from the effects of Defendants' unlawful conduct in the State of California.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c).  A substantial part of the events giving rise to Deckers claims occurred in this judicial district.  Binder Productions Pty Ltd and Jamlike Enterprises Pty Ltd are subject to personal jurisdiction in this judicial district.  The individual Defendants are not resident in the United States.

**The Parties**

6.      Deckers is a corporation organized and existing under the laws of the State of Delaware with its principal place of business is at Goleta, California. Deckers designs and markets footwear and footwear care products identified by its famous UGG® trademark.

7.      Defendant Binder Production Pty Ltd. d/b/a JUMBO UGG ("Binder") is an Australian business having its principal place of business in Moorabbin, Victoria, Australia and upon information and belief, is a manufacturer and/or marketer of sheepskin footwear under the label JUMBO UGG.

8.      Jamlike Enterprises Pty Ltd. is an Australian business having its principal place of business in McKinnon, Victoria, Australia and upon information and belief, is the registrant of the domain <jumbougg.com.au> and is a marketer of JUMBO UGG footwear.

9.      Roman Borisov is an individual who, upon information and belief, resides in Moorabbin, Victoria, Australia, is an officer and director of Binder, and is the registrant and/or registrant contact of the domains <uggbootsaustralia.com.au>, <sheepskinuggboots.com.au> and <binderproduction.com.au>.

10.      Lana Kaper is an individual who, upon information and belief, resides in McKinnon, Victoria, Australia and is an officer and director of Jamlike

Deckers Outdoor Corp. v.
Binder Production Pty Ltd., et al. (Complaint)

- 3 -

Enterprises Pty Ltd. and is the registrant and/or registrant contact of the domain <uggzone.com.au>.

11.     Michael Kaper is an individual who, upon information and belief, resides in McKinnon, Victoria, Australia and is an officer of Jamlike Enterprises Pty Ltd. and the registrant of the domains <jumbougg.com> and <uggson.com.au>.

12.     Binder, Jamlike Enterprises Pty Ltd., Roman Borisov, Lana Kaper, and Michael Kaper are collectively and/or individually referred to herein as "Defendants."

13.     Upon information and belief, the Defendants own and/or operate the Defendant Websites, and/or use the Defendant Websites to transact their infringing and unlawful activities throughout the United States and in the State of California.

14.     The Defendants transact business by selling, offering for sale, importing, advertising and/or distributing the Infringing Product in this judicial district at a minimum through the use of the Defendant Websites.

15.     Deckers is informed and believes, and upon that basis alleges, that Defendants are entities or individuals who do business in this judicial district and are subject to the jurisdiction of this Court. Deckers is informed and believes, and upon that basis alleges, that Defendants are entities or individuals who are manufacturing, distributing, importing, displaying, advertising, promoting, selling and/or offering for sale, merchandise in this judicial district which infringes Deckers Trademark and/or Deckers Patent.

## FACTS COMMON TO ALL COUNTS

### The Famous UGG ® Trademark

16.     Deckers has become well known throughout the United States and elsewhere as a source of high quality footwear products, including the UGG brand of premium footwear. Deckers' UGG products are distributed and sold to consumers

through retailers throughout the United States at point of sale and on the internet, including through the website www.ugg.com.

17.     Since acquiring the UGG Trademark and the goodwill of the business in 1995, Deckers has continuously sold footwear, clothing and accessories under the UGG trademark.  Deckers has built substantial goodwill in the UGG Trademark.  The UGG Trademark is famous and a valuable asset of Deckers.

18.     Deckers has adopted, used and owns the trademark UGG in connection with footwear and footwear care products.  The UGG Trademark has been used continuously since at least as early as 1979 by Deckers and its predecessors in interest.  These rights are embodied, in part, in U.S. Trademark Registration No. 3,050,902, in U.S. Trademark Registration No. 3,050,903, and in U.S. Trademark Registration No. 3,050,925, ("UGG Trademark"), true and correct copies of which are attached hereto as Exhibits A, B and C and by this reference are herein incorporated.

19.     Exhibit A is valid, has become incontestable and has not been licensed to Defendants for use in any manner whatsoever.

20.     Exhibit B is valid, has become incontestable and has not been licensed to Defendants for use in any manner whatsoever.

21.     Exhibit C is valid and has not been licensed to Defendants for use in any manner whatsoever.

22.     Deckers' UGG Trademark is distinctive and signifies to members of the consuming public that the products come from Deckers and are manufactured to the highest standard of quality.  Deckers' products have been widely accepted by the public and are enormously popular, as demonstrated by over $1 Billion in annual UGG sales.  The UGG Trademark is a famous mark.

23.     This enormous popularity is not without cost, as evidenced by the increasing number of counterfeiters in the United States and around the world.

Indeed, it is a modern irony that companies measure success by the extent of their counterfeiting problem.

24.     Deckers is the lawful assignee of all right, title and interest in and to the United States Design Patent No. D599,999 ("the '999 Patent"). The '999 Patent was lawfully issued on September 15, 2009 with the named inventor of Jennifer MacIntyre.  Attached hereto as Exhibit D is a true and correct copy of the '999 Patent.

25.     Deckers has not granted a license or any other form of permission to Defendants to the design protected by the '999 Patent.

**Defendants' Unlawful Conduct**

26.     Defendants are involved in the importation, manufacture, purchase, distribution, offering for sale and/or sale of footwear and related goods bearing marks that are counterfeit and/or infringing reproductions of the UGG Trademark to the general public, including through sales over the internet to California residents using the Defendant Websites.  Specifically, Defendants are using the marks "UGG," "JUMBO UGG," "Made by Jumbo UGG Australia Boots" and other variations of Deckers' UGG mark ("the Infringing Marks") on footwear and related products which is likely to cause confusion, mistake and deception among consumers or potential consumers as to the source or origin of Defendants' goods and the sponsorship or endorsement of those goods by Deckers.  Defendants' use of trademarks that are identical with or substantially indistinguishable from the UGG mark constitutes use of a counterfeit mark.

27.     Defendants are involved in the importation, offering for sale and/or sale of footwear that infringes the '999 patent.

28.     Photos of footwear and footwear care products sold by the Defendants in this judicial district are shown below:





**Defendants'**
**Counterfeit Footwear**

**Heel label of Defendants'**
**Counterfeit Footwear**



**Defendants'**
**Counterfeit Repellant**
**Spray**

**Defendants' Counterfeit**
**Conditioner Product**

29.     As evidenced by the photos in Paragraph 28 above, Defendants are infringing Deckers rights in and to the UGG Trademark and the '999 Patent.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement 15 U.S.C. § 1114, 1125)

Deckers Outdoor Corp. v.
Binder Production Pty Ltd., et al. (Complaint)

-7-

30.     Deckers repeats and alleges the allegations set forth in paragraphs 1 through 29 above, as if set forth fully herein.

31.     Deckers owns the exclusive rights to the UGG Trademark. Deckers' use of the UGG Trademark in the United States predates that of Defendants.

32.     Notwithstanding Deckers' well known and prior common law and statutory rights in the UGG Trademark, Defendants have, with actual and constructive notice of Deckers' federal registration rights, and long after Deckers established its rights in the UGG Trademark, adopted and used the Infringing Marks in conjunction with the sale and transportation of footwear and related products in interstate commerce.

33.     Defendants' use of the Infringing Marks without the authorization of Deckers is likely to deceive and cause confusion, mistake and deception among consumers or potential consumers as to the source or origin of Defendants' goods and the sponsorship or endorsement of those goods by Deckers.

34.     Defendants' use of the Infringing Marks without the authorization of Deckers is likely to deceive and cause confusion, mistake and deception among consumers or potential consumers as to the source or origin of Deckers' goods and the sponsorship or endorsement of those goods by Defendants.

35.     Deckers has not authorized, licensed or otherwise condoned or consented to Defendants' use of the Infringing Marks.

36.     Such confusion, deception and mistake has occurred as a direct result of Defendants' display, advertising and promotion, of the infringing footwear and other merchandise.

37.     Despite the fact that Defendants have actual knowledge of Deckers' rights to the UGG Trademark, Defendants have used, and upon information and belief, will continue to use the Infringing Marks in complete disregard of Deckers' rights.

Deckers Outdoor Corp. v.
Binder Production Pty Ltd., et al. (Complaint)

- 8 -

38.     Defendants' have misappropriated Deckers' substantial rights in and to the UGG Trademark, as well as the goodwill associated therewith. Unless restrained and enjoined by this Court, such conduct will permit Defendants to gain an unfair competitive advantage over Deckers, enjoy the selling power of the UGG Trademark, allow Defendants to interfere with Deckers' continued promotion and expansion of the UGG Trademark, and allow Defendants to palm off their products as those being produced by, sponsored or authorized by Deckers.

39.     The acts of Defendants alleged in Paragraphs 1 - 38 above were committed willfully with full knowledge of Deckers' rights and with the intention of deceiving and misleading the public.

40.     The acts of Defendants alleged in Paragraphs 1 - 38 above were committed willfully with full knowledge of Deckers' rights and with the intention of causing harm to Deckers.

41.     Defendants' infringing activities will continue to cause irreparable injury to Deckers if Defendants are not restrained by the Court from further violation of Deckers' rights.

42.     As a direct and proximate result of Defendants' unlawful infringement, Deckers has suffered damages and will continue to suffer damages in an amount that is not presently ascertainable but will be proven at trial. Deckers is entitled to all available relief provided for in 15 U.S.C. § 1117, 1118 and 1125 including preliminary and permanent injunctive relief, Defendants' profits, treble damages, costs and attorneys' fees.

## SECOND CLAIM FOR RELIEF

### (Unfair Competition and False Designation of Origin 15 U.S.C.§ 1125(a))

43.     Deckers repeats and re-alleges the allegations set forth in paragraphs 1 through 42 above, as if set forth fully herein.

44.     Deckers owns the exclusive rights to the UGG Trademark.  Deckers' use of the UGG Trademark in the United States predates that of Defendants.

45.     Notwithstanding Deckers' well known and prior common law and statutory rights in the UGG Trademark, Defendants have, with actual and constructive notice of Deckers' federal registration rights, and long after Deckers established its rights in the UGG Trademark, adopted and used the Infringing Marks in conjunction with the manufacture, purchase, distribution, offer of sale and sale of footwear and footwear care products in interstate commerce.

46.     Defendants' use of the Infringing Marks without the authorization of Deckers is likely to deceive and cause confusion, mistake and deception among consumers or potential consumers as to the source or origin of Defendants' goods and the sponsorship or endorsement of those goods by Deckers.

47.     Defendants' use of the Infringing Marks without the authorization of Deckers is likely to deceive and cause confusion, mistake and deception among consumers or potential consumers as to the source or origin of Deckers' goods and the sponsorship or endorsement of those goods by Defendants.

48.     Deckers has not authorized, licensed or otherwise condoned or consented to Defendants' use of the Infringing Marks.

49.     Such confusion, deception and mistake has occurred as a direct result of Defendants' use of the Infringing Marks in connection with the display, advertising and promotion, of footwear and other merchandise.

50.     Despite the fact that Defendants have actual knowledge of Deckers rights to the UGG Trademark, Defendants have used, and upon information and belief, will continue to use the Infringing Marks in complete disregard of Deckers' rights.

51.     Defendants' have misappropriated Deckers' substantial rights in and to the UGG Trademark, as well as the goodwill associated therewith.  Unless restrained

Deckers Outdoor Corp. v.
Binder Production Pty Ltd., et al. (Complaint)

- 10 -

and enjoined by this Court, such conduct will permit Defendants to gain an unfair competitive advantage over Deckers, enjoy the selling power of the UGG Trademark, allow Defendants to improperly blunt and interfere with Deckers' continued promotion and expansion of the UGG Trademark, and allow Defendants to palm off their products as those being produced by, sponsored or authorized by Deckers.

52.     The acts of Defendants alleged in Paragraphs 1 - 51 above were committed willfully with full knowledge of Deckers' rights and with the intention of deceiving and misleading the public.

53.     The acts of Defendants alleged in Paragraphs 1 - 51 above were committed willfully with full knowledge of Deckers' rights and with the intention of causing harm to Deckers.

54.     Defendants' infringing activities will continue to cause irreparable injury to Deckers if Defendants are not restrained by the Court from further violation of Deckers' rights.

55.     As a direct and proximate result of Defendants' unlawful infringement, Deckers has suffered damages and will continue to suffer damages in an amount that is not presently ascertainable but will be proven at trial.  Deckers is entitled to all available relief provided for in 15 U.S.C. § 1117, 1118 and 1125 including preliminary and permanent injunctive relief, Defendants' profits, treble damages, costs and attorneys' fees.

## THIRD CLAIM FOR RELIEF
### (Dilution of Famous Mark 15 U.S.C. § 1125 (c))

56.     Deckers repeats and re-alleges the allegations set forth in paragraphs 1 through 55 above, as if set forth fully herein.

Deckers Outdoor Corp. v.
Binder Production Pty Ltd., et al. (Complaint)

57.     As a result of Deckers' continuous promotion of its products in conjunction with the UGG Trademark, the UGG Trademark has become recognized as distinctive and famous.

58.     Defendants' use in commerce of the Infringing Marks began after the UGG Trademark had become famous and has caused dilution of the distinctive quality of the mark.  Such conduct has caused injury to Deckers pursuant to 15 U.S.C. § 1125(c).

59.     Such dilution has occurred as a direct result of Defendants' advertising and promotion, through Defendant Websites and otherwise, of the Infringing Marks on or in connection with footwear and other merchandise.

60.     Defendants willfully intended to trade on Deckers' reputation and/or to cause dilution of the famous UGG Trademark.  Accordingly, Deckers is entitled to recover its damages, as well as Defendants' profits received as a result of the infringement, pursuant to 15 U.S.C. § 1117(a).

61.     Unless Defendants' conduct is enjoined, Defendants will continue their acts of dilution and Deckers and its goodwill and reputation will suffer irreparable injury.  Accordingly, Deckers seeks permanent injunctive relief pursuant to 15 U.S.C. § 1116 and 15 U.S.C. § 1125(c)(1).

62.     As a direct and proximate result of Defendants' unlawful infringement, Deckers has suffered damages and will continue to suffer damages in an amount that is not presently ascertainable but will be proven at trial.  Deckers is entitled to all available relief provided for in 15 U.S.C. § 1117, 1118 and 1125 including preliminary and permanent injunctive relief, Defendants' profits, treble damages, costs and attorneys' fees.

## FOURTH CLAIM FOR RELIEF

### (Anticybersquatting Consumer Protection Act 15 U.S.C. § 1125(d))

63.    Deckers hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 62.

64.    Deckers is the exclusive owner of the UGG Trademark.  Additionally, the UGG Trademark is a famous mark pursuant to 15 U.S.C. § 1125 and was famous before and at the time of the registration of the Defendants' UGG Formative Infringing Domain Names.

65.    Upon information and belief, the Defendants have acted with the bad faith intent to profit from the unauthorized use of the UGG Trademark and the goodwill associated therewith by registering the UGG Formative Infringing Domain Names which are identical to, confusingly similar to, or dilutive of the UGG Trademark.

66.    The Defendants have no intellectual property rights in or to the UGG Trademark.

67.    Defendants' actions constitute cyberpiracy in violation of §43(d) of the Lanham Act, 15 U.S.C. §1125(d).

68.    Deckers has no adequate remedy at law, and the registration and use of Defendants' UGG Formative Infringing Domain Names  has caused, is causing, and is likely to continue to cause substantial and irreparable injury to the public and to Deckers.

## **FIFTH CLAIM FOR RELIEF**

### **(Patent Infringement of United States Design Patent No. D599,999)**

69.    Deckers repeats and re-alleges the allegations set forth in paragraphs 1 through 68 above, as if set forth fully herein.

70.    Defendants make, use, sell, offer for sale, and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the '999 Patent.

Deckers Outdoor Corp. v.
Binder Production Pty Ltd., et al. (Complaint)

71.    Defendants have infringed the '999 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Defendants' wrongful conduct has caused Deckers to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale and importing the patented inventions.  Deckers is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

72.    Deckers is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289.  Deckers is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## SIXTH CLAIM FOR RELIEF

**(Unfair Competition California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, *et seq.*)**

73.    Deckers hereby repeats and re-alleges the allegations set forth in paragraphs 1 through 72, above, as if set forth fully herein.

74.    Defendants' appropriation, adoption and use of the Infringing Marks on or in connection with the sale and offering for sale of footwear and footwear care products is likely to confuse or mislead consumers into believing that Defendants' goods are authorized, licensed or approved by Deckers, thus constituting a violation of the California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, *et seq.*

75.    The deceptive, unfair and fraudulent practices set forth in paragraphs 1-74 above have been undertaken with knowledge by Defendants willfully with the intention of causing harm to Deckers and for the calculated purpose of misappropriating Plaintiff's goodwill and business reputation.

76.    Defendants' use of the Infringing Marks has deprived Deckers of the opportunity to conduct business using its trademarks and deprived Deckers of the right to control the use of its trademarks.

77.    As a direct and proximate result of Defendants' unlawful infringement, Deckers has suffered damages and will continue to suffer damages in an amount that is not presently ascertainable but will be proven at trial.  Deckers is entitled to all available relief provided for in California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, *et seq* including permanent injunctive relief.

78.    Defendants committed the acts alleged herein intentionally, fraudulently, maliciously, willfully, wantonly and oppressively, with intent to injure Deckers in its business and with conscious disregard for Deckers' rights, thereby justifying awards of punitive and exemplary damages in amounts sufficient to punish and to set an example for others.

## PRAYER FOR RELIEF

WHEREFORE, Deckers prays that the Court enter an Order against Defendants as follows:

1)    Permanently enjoining Defendants, their officers, agents, servants, employees and attorneys, and all those in active concert or participation with them, from:

    a) further infringing the UGG Trademark by importing, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any goods, including, but not limited to footwear and related merchandise, bearing the Infringing Marks or any other simulation, reproduction, counterfeit, copy or colorable imitation of the UGG Trademark;

    b) using any simulation, reproduction, counterfeit, copy or colorable imitation of the UGG Trademark in connection with the promotion, advertisement, display, sale, offer for sale, manufacture, production, circulation or distribution (including, but not limited to, through use of the Defendant Websites) of any products in such fashion as to relate or connect, or tend to

relate or connect, such products in any way to Deckers, or to any goods sold, manufactured, sponsored or approved by, or connected with Deckers;

c) making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed or sold by Defendants are in any manner associated or sponsored by or connected with Deckers, or are sold, manufactured, licensed, sponsored, approved or authorized by Deckers;

d) using any mark likely to dilute or tarnish the famous UGG Trademark;

e) further infringing Deckers' '999 Patent by importing, offering for sale, or selling any products not authorized by Deckers and that includes a colorable imitation of the design claimed in the '999 Patent ("Patent Infringing Product");

f) engaging in any other activity constituting unfair competition with Deckers, or constituting an infringement of Deckers' UGG Trademark or Deckers' '999 Patent;

g) effecting assignments or transfers, forming new entities or association or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) through (e);

h) secreting, destroying, altering, removing or otherwise dealing with any products, or any books or records, or any documents which may contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting or displaying of all unauthorized products which infringe Deckers' UGG Trademark or the '999 Patent; and

     i) aiding, abetting, contributing to or otherwise assisting anyone from infringing upon Deckers' UGG Trademark or the '999 Patent.

2)  Directing that Defendants deliver for destruction all footwear, and labels, signs, prints, packages, dyes, wrappers, receptacles and advertisements relating thereto in their possession or under their control bearing the Infringing Marks or any simulation, reproduction, counterfeit, copy or colorable imitations of the UGG Trademark, as well as footwear bearing the patented design of the '999 Patent, and all plates, molds, heat transfers, screens, matrices and other means of making the same.

3)  Entering an Order that, upon Deckers' request, those in privity with Defendants and those with notice of the injunction, including any Internet search engines, Web hosts, domain-name registrars and domain name registries that are provided with notice of the injunction, cease facilitating access to any and all websites through which Defendants engage in the sale of goods using the Infringing Marks or any simulation, reproduction, counterfeit, copy or colorable imitation of the UGG Trademark;

4)  Entering an Order that the registries for the domain names used to link to the Defendant Websites prevent any such domain names from linking to Defendants' corresponding websites that are offering for sale, advertising, promoting or displaying unauthorized products which infringe Deckers' UGG Trademark or the '999 Patent, prevent the registration of new infringing domain names by Defendants and renewal of Defendants' existing infringing domain names or, at Deckers' election, transfer any domain names used by Defendants to engage in their counterfeiting of the UGG Trademark to Deckers' control, so they may no longer be used for illegal purposes.

5)  Directing such other relief as the Court may deem appropriate to prevent the trade and public from gaining the erroneous impression that any products

manufactured, sold or otherwise circulated or promoted by Defendants are authorized by Deckers, or related in any way to Deckers' products.

6) That Deckers be awarded from Defendants, as a result of Defendants' use of the Infringing Marks three times Deckers' damages there from and three times of each of Defendants' profits there from, after an accounting, pursuant to 15 U.S.C. § 1114 and § 1117.

7) In the alternative, that Deckers be awarded statutory damages for trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of $200,000 for each and every counterfeit use of the UGG Trademark, and to the extent this Court finds such counterfeiting was willful, $2,000,000, plus $100,000 per domain name pursuant to 15 U.S.C. § 1117(d);

8) Awarding Deckers its reasonable attorney's fees and investigative fees pursuant to 15 U.S.C. § 1117.

9) Awarding Deckers such damages as it shall prove at trial against Defendants that are adequate to compensate Deckers for infringement of the '999 Patent, and all of the profits realized by Defendants, or others acting in concert or participation with them, from Defendants' unauthorized use and infringement of the '999 Patent.

10) Awarding Deckers punitive damages for Defendants' willful acts of unfair competition under California law.

11) Awarding Deckers its costs in bringing this action.

12) Awarding Deckers any further relief that this Court deems just and proper.

Dated: June 27, 2013

J. Andrew Coombs, A Professional Corp.

By: _____
J. Andrew Coombs
Annie S. Wang
Attorneys for Plaintiff Deckers Outdoor
Corporation

Deckers Outdoor Corp. v.
Binder Production Pty Ltd., et al. (Complaint)

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Federal Rule of Civil Procedure 38(b), Deckers Outdoor Corporation hereby demands a trial by jury of all issues so triable.

Dated:  June 27, 2013

J. Andrew Coombs, A Professional Corp.

By: _____
   J. Andrew Coombs
   Annie S. Wang
Attorneys for Plaintiff Deckers Outdoor
Corporation

EXHIBIT "A"

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>EXHIBIT A</u>

<u>UGG U.S. Registration No. 3,050,902</u>

Int. Cl.: 1

Prior U.S. Cls.: 1, 5, 6, 10, 26 and 46

## United States Patent and Trademark Office

Reg. No. 3,050,902
Registered Jan. 24, 2006

### TRADEMARK
#### PRINCIPAL REGISTER

# UGG

DECKERS OUTDOOR CORPORATION (DELA-
WARE CORPORATION)
495-A SOUTH FAIRVIEW AVENUE
GOLETA, CA 93117

FOR: WATER AND STAIN REPELLANT FOR
USE ON SHEEPSKIN AND LEATHER, IN CLASS 1
(U.S. CLS. 1, 5, 6, 10, 26 AND 46).

FIRST USE 1-1-1989; IN COMMERCE 1-1-1989.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

SER. NO. 78-686,794, FILED 8-5-2005.

BARBARA A. LOUGHRAN, EXAMINING ATTOR-
NEY

EXHIBIT "B"

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

## UGG U.S. Registration No. 3,050,903

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51 and 52

**United States Patent and Trademark Office**

Reg. No. 3,050,903

Registered Jan. 24, 2006

## TRADEMARK
### PRINCIPAL REGISTER

# UGG

DECKERS OUTDOOR CORPORATION (DELA-
WARE CORPORATION)
495-A SOUTH FAIRVIEW AVENUE
GOLETA, CA 93117

FOR: CLEANER AND CONDITIONER FOR USE
ON SHEEPSKIN AND LEATHER, IN CLASS 3 (U.S.
CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 1-1-1989; IN COMMERCE 1-1-1989.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

SER. NO. 78-686,857, FILED 8-5-2005.

BARBARA A. LOUGHRAN, EXAMINING ATTOR-
NEY

EXHIBIT "C"

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>EXHIBIT C</u>

<u>UGG U.S. Registration No. 3,050,925</u>

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

**United States Patent and Trademark Office**

Reg. No. 3,050,925

Registered Jan. 24, 2006

## TRADEMARK
### PRINCIPAL REGISTER



DECKERS OUTDOOR CORPORATION (DELA-
WARE CORPORATION)
495-A SOUTH FAIRVIEW AVENUE
GOLETA, CA 93117

FOR: MEN'S, WOMEN'S AND CHILDREN'S
FOOTWEAR, NAMELY, BOOTS, SHOES, CLOGS,
SLIPPERS; MEN'S, WOMEN'S AND CHILDREN'S
CLOTHING, NAMELY, COATS, JACKETS,
PONCHOS; WOMEN'S CLOTHING, NAMELY,
SKIRTS, MUFFS; CHILDREN'S BUNTINGS, IN
CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 12-28-1979; IN COMMERCE 12-28-1979.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

SER. NO. 78-976,129, FILED 1-21-2005.

BARBARA A. LOUGHRAN, EXAMINING ATTOR-
NEY

EXHIBIT "D"

1

## EXHIBIT D

## U.S. Patent No. D599,999

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

US00D599999S

(12) **United States Design Patent**
MacIntyre

(10) Patent No.: **US D599,999 S**
(45) Date of Patent: **\*\*  Sep. 15, 2009**

(54) **PORTION OF A FOOTWEAR UPPER**

(75) Inventor: **Jennifer MacIntyre**, Santa Barbara, CA (US)

(73) Assignee: **Deckers Outdoor Corporation**, Goleta, CA (US)

(\*\*) Term: **14 Years**

(21) Appl. No.: **29/326,868**

(22) Filed: **Oct. 27, 2008**

(51) LOC (9) Cl. ............................................. 02-99
(52) U.S. Cl. ........................... D2/970; D2/911; D2/946
(58) Field of Classification Search ................ D2/896, D2/909–915, 946, 970, 973, 974; 36/45, 36/50.1, 83, 3 A, 7.1 R, 113
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| D125,568 | S | \* | 3/1941 | Hard ........................... D2/911 |
| D155,573 | S | \* | 10/1949 | Bingham ..................... D2/910 |
| D159,577 | S | \* | 8/1950 | Stromberg .................. D2/900 |
| D159,761 | S | \* | 8/1950 | Barron ....................... D2/910 |
| D227,197 | S | \* | 6/1973 | Fukuoka ..................... D2/910 |
| D319,332 | S | \* | 8/1991 | Itzkowitz ................... D2/910 |
| D481,863 | S | \* | 11/2003 | Belley et al. ............... D2/970 |
| D529,269 | S | \* | 10/2006 | Belley et al. ............... D2/970 |
| D539,024 | S | | 3/2007 | Belley et al. |
| D581,140 | S | | 11/2008 | Earle |

FOREIGN PATENT DOCUMENTS

DE          40702148        8/2007

EP          00718002-0006        4/2007

OTHER PUBLICATIONS

UGG Australia, Bipster model, p. 1, Oct. 3, 2008.
UGG Australia, Henry model, p. 1, Oct. 3, 2008.
UGG Australia, Erin model, p. 1, Oct. 3, 2008.
UGG Australia, Cove model, p. 1, Oct. 27, 2008.
UGG Australia, Kona model, p. 1, Oct. 27, 2008.
Catalogue Moscow Shoes, summer 2006, p. 2 top center.
Steve Madden MISSYY Brown Suede boot, www.jildorshoes.com, Dec. 9, 2008.

\* cited by examiner

*Primary Examiner*—Stella M Reid
*Assistant Examiner*—Rashida C McCoy
(74) *Attorney, Agent, or Firm*—Greer, Burns & Crain, Ltd.

(57) **CLAIM**

The ornamental design for a portion of a footwear upper, as shown and described.

**DESCRIPTION**

FIG. 1 is a perspective view of a portion of a footwear upper showing my new design;

FIG. 2 is a side elevational view thereof;

FIG. 3 is an opposite side elevational view thereof;

FIG. 4 is a front elevational view thereof;

FIG. 5 is a rear elevational view thereof;

FIG. 6 is a top plan view thereof; and,

FIG. 7 is a bottom plan view thereof.

The broken lines in FIGS. 1–7 represent portions of the footwear that form no part of the claimed design. The broken line which defines the bounds of the claimed design forms no part thereof.

**1 Claim, 6 Drawing Sheets**



**U.S. Patent**     Sep. 15, 2009     Sheet 1 of 6     US D599,999 S



FIG. 1



FIG. 2



FIG. 3



FIG. 5



FIG. 4



FIG. 6



FIG. 7

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Gary A. Feess and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

## CV13- 4723 GAF (RZx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

```
J. Andrew Coombs  (SBN 123881)
Annie S. Wang (SBN 243027)
J. Andrew Coombs, A P. C.
517 E. Wilson Ave., Suite 202
Glendale, California 91206
Telephone:  (818) 500-3200
Facsimile:  (818) 500-3201
```

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Deckers Outdoor Corporation,<br><br>Plaintiff(s)<br><br>v.<br><br>Binder Production Pty Ltd. (see attachment)<br><br>Defendant(s) | **CASE NUMBER:**<br>CV13-04723-(GAF(R2x)<br><br>**SUMMONS** |

TO:    THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney
J. Andrew Coombs                         , whose address is:

```
J. Andrew Coombs, A P. C.
517 E. Wilson Ave., Suite 202
Glendale, California 91206
```

an answer to the [x] complaint  ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim
which is herewith served upon you within __21__ days after service of this Summons upon you, exclusive
of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief
demanded in the complaint.

CLERK, U.S. DISTRICT COURT

Date:   JUN 2 8 2013

By: _____
ANDRES PEDRO
Deputy Clerk

(Seal of the Court)
1202

---

**SUMMONS**

CV-1A (01/01)

## SUMMONS ATTACHMENT

Deckers Outdoor Corporation,

Plaintiff,

v.

Binder Production Pty Ltd.
d/b/a JUMBO UGG, Jamlike Enterprises Pty Ltd., Roman Borisov, an
individual, Lana Kaper, an individual, and Michael Kaper, an individual, and
Does 1 – 10, inclusive,

Defendants.

## CIVIL COVER SHEET

| I(a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Deckers Outdoor Corporation | Binder Production Pty Ltd. (see attachment), |

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Santa Barbara
( EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

**(c) ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)**

J. Andrew Coombs (SBN 123881) / Annie S. Wang (SBN 243027)
J. Andrew Coombs, A P. C.
517 E. Wilson Ave., Suite 202, Glendale, California 91206
Telephone: (818) 500-3200 / Facsimile: (818) 500-3201

**ATTORNEYS (IF KNOWN)**

### II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties In Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multi-district Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### V. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint: **JURY DEMAND:** ☒ YES ☐ NO

### VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Trademark infringement 15 U.S.C. §§ 1051, et seq.

### VII. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| OTHER STATUTES | CONTRACT | TORTS — PERSONAL INJURY | TORTS — PERSONAL INJURY | FORFEITURE / PENALTY | BANKRUPTCY |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury-Med Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | **PERSONAL PROPERTY** | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 640 R.R. & Truck | ☐ 820 Copyrights |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 650 Airline Regs | ☐ 830 Patent |
| ☐ 810 Selective Service | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 660 Occupational Safety /Health | ☒ 840 Trademark |
| ☐ 850 Securities/Commodities/ Exchange | | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 690 Other | **SOCIAL SECURITY** |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | | **LABOR** | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 160 Stockholders' Suits | | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Information Act | ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | |
| ☐ 890 Other Statutory Actions | ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus/ Other | | |
| | ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | |
| | | | ☐ 555 Prison Condition | | |

### VIII(a). IDENTICAL CASES: Has this action been previously filed and dismissed, remanded or closed? ☐ YES ☒ NO

If yes, list case number(s) CV13-04723

| CV-71 (10/01) | CIVIL COVER SHEET | Page 1 of 2 |
|---|---|---|

**FOR OFFICE USE ONLY:**   ☐ Pro Hac Vice fee: ☐ paid   ☐ not paid

Applying IFP _____   Judge _____   Mag. Judge _____

CIVIL COVER SHEET
(Reverse Side)

AFTER COMPLETING THE FRONT SIDE OF FORM JS-44C, COMPLETE THE INFORMATION REQUESTED BELOW.

VIII(b).  RELATED CASES: Have any cases been previously filed that are related to the present case? ☐YES  ☒NO

If yes, list case number(s): _____

CIVIL CASES ARE DEEMED RELATED IF A PREVIOUSLY FILED CASE AND THE PRESENT CASE:
(CHECK ALL BOXES THAT APPLY)   ☐ A.  Appear to arise from the same or substantially identical transactions, happenings, or events;

☐ B.  Involve the same or substantially the same parties or property;

☐ C.  Involve the same patent, trademark or copyright;

☐ D.  Call for determination of the same or substantially identical questions of law, or

☐ E.  Likely for other reasons  may entail unnecessary duplication of labor if heard by different judges.

IX. VENUE: List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐  CHECK HERE IF THE US GOVERNMENT, ITS AGENCIES OR EMPLOYEES IS A NAMED PLAINTIFF.

Santa Barbara County

List the California County, or State if other than California, in which EACH named defendant resides.  (Use an additional sheet if necessary).
☐  CHECK HERE IF THE US GOVERNMENT, ITS AGENCIES OR EMPLOYEES IS A NAMED DEFENDANT.

BINDER PRODUCTION PTY LTD. (Moorabbin, Victoria - Australia); JAMLIKE ENTERPRISES PTY LTD. (McKinnon, Victoria - Australia);
ROMAN BORISOV (Moorabbin, Victoria - Australia); LANA KAPER (McKinnon, Victoria - Australia); MICHAEL KAPER (McKinnon, Victoria - Australia)

List the California County, or  State if other than California, in which EACH claim arose.  (Use an additional sheet if necessary)
NOTE: In land condemnation cases, use the location of the tract of land involved.

Santa Barbara County

X. SIGNATURE OF ATTORNEY (OR PRO PER): X _____   Date 6.27.13

NOTICE TO COUNSEL/PARTIES:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| NATURE OF SUIT CODE | ABBREVIATION | SUBSTANTIVE STATEMENT OF CAUSE OF ACTION |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended.  Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

## (CV-71) CIVIL COVER SHEET
## ATTACHMENT

Deckers Outdoor Corporation,

Plaintiff,

v.

Binder Production Pty Ltd.
d/b/a JUMBO UGG, Jamlike Enterprises Pty Ltd., Roman Borisov, an
individual, Lana Kaper, an individual, and Michael Kaper, an individual, and
Does 1 – 10, inclusive,

Defendants.